UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 11-3(2)-ART |
| v. | ) ) ) | **MEMORANDUM** |
| ERNEST WAYNE GRUBBS, | ) ) | **OPINION & ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In 2003, Ernest Wayne Grubbs was convicted of four offenses, including being a felon in possession of a firearm, in the U.S. District Court for the Eastern District of Kentucky.  London Criminal No. 02-84.  He received a sentence of 195 months imprisonment in March 2004.  *Id.*  On appeal, however, the Sixth Circuit reversed one of his convictions, finding that there was insufficient evidence to establish that Grubbs had possessed a firearm.  The Bureau of Prisons ("BOP") therefore released Grubbs from custody in December 2007.

But Grubbs did not stay out of trouble.  On February 16, 2012, the Court sentenced him to eighty-seven months imprisonment for conspiracy to distribute one thousand or more kilograms of marijuana in violation of 21 U.S.C. § 846.  At his sentencing hearing, Grubbs inquired as to whether BOP would award him credit for the period of time he erroneously spent in prison; the Court informed him that only BOP could make that determination.  After the hearing, Grubbs learned that BOP will not credit him for his previous jail time, so he moved under Federal Rule of Criminal Procedure 35(a) to correct his sentence.  Rule 35(a)

allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." In his motion, Grubbs claims that the Court did not know BOP would refuse to give him credit for his over-served time. As a result, he believes the Court could not properly consider the factors outlined in 18 U.S.C. § 3553(a) at his sentencing hearing. R. 308 at 1. Grubbs made his request within fourteen days of judgment, so his motion is timely. But although Grubbs's previous conviction was reversed, his current sentence reflects no error—arithmetical, technical, or otherwise. The Court must therefore deny his motion.

Section 3553(a) requires a court to take a number of factors into account at sentencing. Whether BOP will award a prisoner credit for prior time served, however, is not one of them. On the contrary, § 3553(a) requires the Court to consider "the nature and circumstances of *the offense*," and how well a sentence reflects "the seriousness of *the offense*" and provides "just punishment for *the offense*." 18 U.S.C. § 3553(a)(1) & (2) (emphases added). This language demands that the Court impose punishment for the current offense the defendant has committed, not right past wrongs the defendant may have suffered. The fact that Grubbs wrongly served time in the past does not make his participation in a drug trafficking conspiracy any less serious or diminish the harm his offense caused to society.

Section 3553(a)(1) also requires the Court to consider the "history and characteristics of the defendant." Although the Sixth Circuit reversed one of Grubbs's 2004 convictions, it did not reverse the other three. *See* London Criminal No. 02-84-DCR, ECF No. 112. The Court therefore considered these offenses as part of Grubbs's criminal history, and sentenced him accordingly. Grubbs did not receive any criminal history points for his later-reversed

felon-in-possession conviction, and the Court did not rely on this conviction to determine a sentence for his current offense. For his part, Grubbs does not explain how knowledge that he would not receive credit for prior time served should have changed the Court's consideration of the § 3553(a) factors. It would not have. No matter what policy the BOP followed, the Court would not have imposed a different sentence.

Other sections of the criminal code reinforce this reading of § 3553(a). Defendants receive credit for time they are imprisoned before sentencing "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). Nowhere does the code allow defendants to receive credit for time served for offenses they committed *before* their current offense, even if that time was served erroneously. Indeed, "prison time previously served under a void commitment does not reduce sentences imposed as a result of new and different crimes." *Harrison v. Lamanna*, 10 F. App'x 309, 311 (6th Cir. 2001); *accord Henley v. Johnson*, 885 F.2d 790, 793 (11th Cir. 1989); *Bryant v. Warden, Metro. Corr. Ctr. of N.Y.C.*, 776 F.2d 394, 396-97 (2d Cir. 1985); *Davis v. U.S. Att'y Gen.*, 432 F.2d 777, 778 (5th Cir. 1970). For good reason, too: giving Grubbs credit would allow a defendant whose sentence is reversed to "deposit his days of service in some all-purpose 'time credit account,' and later withdraw them for application against any subsequent conviction. He cannot and will not be permitted to commit another crime with impunity because society has wronged him once." *Kelly v. North Carolina*, 276 F. Supp. 200, 210 (D.N.C. 1967). Because Grubbs's current offense was unrelated to his reversed conviction, the Court was not required to give him credit for any time he wrongly

3

served. *See Bryant*, 776 F.3d at 396 ("The principle that extra time served on a criminal sentence may not be 'banked' is strongly rooted in the public policy that individuals should not be encouraged to commit crimes knowing they have a 'line of credit' that can be applied against future sentences.").

Accordingly, it is **ORDERED** that Grubbs's motion to correct his sentence, R. 308, is **DENIED**.

This the 29th day of February, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge